UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:25-CR-19-KAC-JEM |
| JAVONTAE J. TURNER, DESHAWN D. JACKSON, and DEMONTEZ A. PERKINS, JR., | ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. Now before the Court is Defendant Deshawn D. Jackson's Unopposed Motion to Continue the Trial Date and Extend All Other Deadlines [Doc. 45], filed on July 3, 2025.

Defendant Jackson asks the Court to continue the August 19, 2025 trial date and extend all other deadlines [Doc. 45]. In support of his motion, he states that the Government provided initial discovery that contains over six gigabytes of data, including several multimedia items and telephone extractions [*Id.* ¶ 3]. Additionally, he asserts that the Government advised his counsel that there is forthcoming supplemental discovery [*Id.* ¶ 4]. Defendant Jackson avers that his counsel needs time obtain discovery, review all the material, and confer with him about filing motions and to prepare for trial [*Id.* ¶ 5]. He represents that the Government does not oppose the motion [*Id.* ¶ 6]. Finally, Defendant Jackson states that the right to a speedy trial has been explained to him, and he understands that the time between the filing of this motion and a rescheduled court date will be fully excludable for speedy trial purposes [*Id.* ¶ 7].

Defendant Demontez A. Perkins, Jr. noticed the Court that he does not oppose the motion to continue and understands his right to a speedy trial [Doc. 47]. Defendant Javontae J. Turner likewise noticed the Court that he does not oppose motion, understands his right to a speedy trial, and would join in the request [Doc. 48].

Based upon the parties' positions and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant Jackson the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Counsel for Defendant Jackson needs further time to receive and review discovery, confer with Defendant about pretrial motions, and otherwise prepare for trial. The Court finds that all of this cannot occur before the August 19, 2025 trial date.

The Court therefore **GRANTS** Deshawn D. Jackson's Unopposed Motion to Continue the Trial Date and Extend All Other Deadlines [**Doc. 45**]. The trial of this case is reset to **January 13, 2026**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all time between the filing of the motion on July 3, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Deshawn D. Jackson's Unopposed Motion to Continue the Trial Date and Extend All Other Deadlines [**Doc. 45**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **January 13, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **July 3, 2025**, and the new trial date of **January 13, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is extended to **August 4, 2025**, and responses are due on or before **August 18, 2025**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **December 12, 2025**;

(6) the deadline for filing motions *in limine* is **December 29, 2025**, and responses to motions *in limine* are due on or before **January 6, 2026**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **December 30, 2025, at 11:30 a.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **January 2, 2026.**

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge