UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-19-KAC-JEM |
| | ) | |
| JAVONTAE TURNER, | ) | |
| DESHAWN D. JACKSON, and | ) | |
| DEMONTEZ A. PERKINS, Jr., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Javontae Turner's Motion to Continue Trial and Pretrial Deadlines [Doc. 65], filed on November 14, 2025, by Attorney Ashlee Mathis.

Defendant requests the Court to continue the pretrial motion deadline, set for November 18, 2025, the plea deadline, set for December 12, 2025, and the trial date, set for January 13, 2026 [*Id.* ¶ 2]. In support of his motion, Defendant states that he is charged by Indictment and Superseding Indictment, alongside two codefendants, with seven total counts in violation of 21 U.S.C. §§ 2, 841, and 846 [*Id.* ¶ 1]. Defendant had his initial appearance on April 8, 2025, where he was assigned counsel [*Id.* ¶ 4]. Defendant's counsel received discovery at that time, as well as a substantial supplemental discovery provision on September 9, 2025 [*Id.* ¶ 5]. Defendant represents that discovery in this matter is extensive, containing documents, videos, audio files, cell phone records, cell phone extractions, and surveillance related to the alleged conspiracy [*Id.* ¶ 6]. To date, discovery provided by the Government includes a total of 24,313 bates-stamped items [*Id.*]. Defendant stated that his counsel was working to review discovery materials with Defendant,

who is incarcerated at Knox County Jail [*Id.* ¶ 7]. Defendant is not permitted to have an electronic thumb drive to review discovery and does not have access to a laptop, which has significantly slowed the discovery review process [*Id.*]. Based on the extensive nature of the discovery, the large supplemental provision that was recently received by Defendant, and the fact that Defendant is currently incarcerated, Defendant submits that additional time is necessary to review the discovery in this matter and to discuss the need for any pretrial motions [*Id.* ¶ 8].

Defendant's motion reflects that the Government does not oppose the continuance [*Id.* ¶ 11]. Defendant states he understands his right to a speedy trial and agrees to a continuance of this matter [*Id.* ¶ 10]. Defendant further represents that "counsel for codefendant Jackson is not opposed to a continuance of this matter. Counsel for codefendant Perkins is similarly not opposed to a continuance of this matter" [*Id.* ¶ 12]. The Court issued an order asking Codefendants Jackson and Perkins to state their position on the matter [Doc. 66]. After failure to hear from either party, the Court filed a show cause order, directing the Codefendants to either show cause as to why they have not complied with the Court's Order or to state their position on the record [Doc. 68]. Codefendant Jackson filed his Notice of No Opposition to Motion to Continue Trial and to Extend Deadlines, and he gave notice that he did not oppose Defendant Turner's motion, that he understood his rights to a speedy trial, and waived those rights for the purposes of the motion [Doc. 69 p. 1]. Codefendant Perkins similarly filed his Notice of No Objection to Unopposed Motion to Continue the Trial Date and Extend All Other Deadlines, and he gave notice that he did not oppose the motion filed by Defendant Turner and understood his rights to a speedy trial [Doc. 70 p. 1].

After filing his motion to continue, Defendant Turner filed a Pro Se Motion to Substitute counsel [Doc. 67]. On December 2, 2025, the Court held a hearing on the motion, granted the

motion, and appointed new counsel for Defendant Turner. At the hearing, the Court asked Defendant Turner's new defense counsel to file a notice confirming that Defendant Turner still wished to continue the matter, that he understood his speedy trial rights, and waived those rights for the purposes of the continuance. On December 8, 2025, Defendant Turner filed a Notice of Defendant's Desire to Continue Trial and All Related Deadlines [Doc. 74], and he stated that he still desired to continue the trial and all related deadlines, was advised of his speedy trial rights, and waived them for the purposes of the motion to continue [*Id.* at 1].

Based on the information in Defendant's motion and because the Government and Codefendants Jackson and Perkins do not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). In consideration of these factors, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defendant needs the additional time to review discovery, consider pretrial motions, and otherwise prepare for trial. The Court finds that all of this cannot occur before the January 13, 2026 trial date.

The Court therefore **GRANTS** Defendant Javontae Turner's Motion to Continue Trial and Pretrial Deadlines [**Doc. 65**]. The trial of this case is reset to **May 5, 2026**. A new, comprehensive trial schedule is included below. Because the Court finds that the ends of justice are served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on November 14, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

3

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Javontae Turner's Motion to Continue Trial and Pretrial Deadlines [**Doc. 65**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **May 5, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **November 14, 2025**, and the new trial date of **May 5, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is **December 23, 2025**, and responses to the pretrial motions are due **January 6, 2026**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **April 3, 2026**;

(6) the deadline for filing motions *in limine* is **April 20, 2026**, and responses to motions *in limine* are due on or before **April 28, 2026**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **April 23, 2026, at 1:00 p.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **April 24, 2026.**

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge