UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,       )
                                )
                 Plaintiff,     )
v.                              )        No. 3:25-CR-19-KAC-JEM
                                )
JAVONTAE J. TURNER,             )
DESHAWN D. JACKSON, and         )
DEMONTEZ A. PERKINS,            )
                                )
                 Defendants.    )

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Javontae Turner's Motion to Continue Trial Date and All Related Deadlines [Doc. 116], which he filed on March 12, 2026.

In the motion, Defendant asks the Court to continue the current trial date, which is set for May 5, 2026, and all related deadlines [*Id*. at 1]. In support of his motion, Defendant states that the Court appointed counsel for him on December 11, 2025 [*Id.*].[1] At the time of the motion, Defendant's counsel had viewed the discovery but was consulting with Defendant and discovered potential motions that need to be addressed [*Id.*]. Defendant also notes the Government substituted the Assistant United States Attorney responsible for this case on March 9, 2026 [*Id.*].[2] The Government does not oppose the request for continuance [*Id.*]. Defendant advises that counsel for

---

[1]     The Court appointed new counsel for Defendant on December 2, 2025 [Docs. 71 & 72].

[2]     AUSA Kevin Quencer filed a Notice of Substitution of Counsel on March 16, 2026 [Doc. 117].

Codefendant Perkins does not oppose the motion and that counsel for Codefendant Jackson does not take a position on the request [*Id.*]. Counsel for Codefendant Perkins conveyed to the Court via email that he had discussed with Codefendant Perkins his speedy trial rights and that he waives those rights for the purposes of the requested continuance.

Codefendant Jackson filed a Notice of No Opposition to Motion to Continue Trial and to Extend Deadlines and states that it would be in the best interests of justice, and to assure that he receives effective assistance of counsel, to grant a continuance of the trial and all other deadlines [Doc. 118 p. 1]. Codefendant Jackson understands his rights to a speedy trial and waives those rights for the purposes of the motion [*Id.*].

On March 12, 2026, Defendant filed a Pro Se Motion to Appoint New Counsel [Doc. 115]. The Court held a hearing on the matter and appointed Defendant new counsel on March 25, 2026 [*See* Docs. 120 & 121]. At the hearing, the Court requested that Defendant supplement his motion to continue to address speedy trial issues. Defendant filed a Supplement to Defendant's Unopposed Motion to Continue Trial and All Other Deadlines (Doc. 116) [Doc. 123]. Defendant submits that the ends of justice served by granting a continuance outweigh the best interests of the public and Defendant in a speedy trial and that Defendant understands that a continuance of the trial date will result in a later date, which would necessarily affect the computation of time pursuant to the Speedy Trial Act [*Id.* at 1].

Based upon the information contained in the motion and because the Government does not oppose the continuance, and given the positions of the codefendants, the Court finds the ends of justice served by granting a continuance outweighs the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes

that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defendant's new counsel needs time to receive and review discovery, and otherwise prepare for trial. The Court finds that all of this cannot occur before the May 5, 2026 trial date.

The Court therefore **GRANTS** Defendant Javontae Turner's Motion to Continue Trial Date and All Related Deadlines [**Doc. 116**]. The trial of this case is reset to **October 6, 2026**. A new schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the initial motion on March 12, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Javontae Turner's Motion to Continue Trial Date and All Related Deadlines [**Doc. 116**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **October 6, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **March 12, 2026**, and the new trial date of **October 6, 2026,** is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **September 4, 2026**;

(5) the deadline for filing motions *in limine* is **September 21, 2026**, and responses to motions *in limine* are due on or before **September 29, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **September 22, 2026, at 11:00 a.m.**; and

3

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **September 25, 2026**.

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge

Case 3:25-cr-00019-KAC-JEM    Document 125    Filed 04/01/26    Page 4 of 4    PageID #: 258